IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEAN FUELS ALLIANCE AMERICA,<br>1331 Pennsylvania Ave, NW<br>Washington, DC 20004<br><br>and<br><br>GROWTH ENERGY,<br>701 8th Street NW, Suite 450<br>Washington, DC 20001<br><br>  Plaintiffs<br><br>  v.<br><br>MICHAEL S. REGAN, in his official<br>capacity as Administrator,<br>U.S. Environmental Protection Agency,<br>1200 Pennsylvania Avenue NW<br>Washington, DC 20460<br><br>and<br><br>ENVIRONMENTAL PROTECTION<br>AGENCY,<br>1200 Pennsylvania Avenue NW<br>Washington, DC 20460<br><br>  Defendants. | Civil Action No. 24-3572 |

**COMPLAINT FOR INJUNCTIVE RELIEF**

Plaintiffs Clean Fuels Alliance America ("Clean Fuels") and Growth Energy bring this action to compel Defendants, the U.S. Environmental Protection Agency and the Honorable Michael S. Regan, in his official capacity as Administrator of the U.S. Environmental Protection Agency (collectively "EPA"), to promulgate a rule establishing Renewable Fuel Standard ("RFS") applicable volumes for the 2026 compliance year. Continuing its multi-year trend of

1

disregarding statutory deadlines, EPA has ignored the nondiscretionary duty established by Clean Air Act ("CAA") Section 211(*o*)(2)(B)(ii), 42 U.S.C. § 7545(*o*)(2)(B)(ii), to promulgate that rule "no later than 14 months before" 2026. Plaintiffs hereby seek an injunction requiring EPA to promptly promulgate a rule establishing the applicable volumes for 2026. In support, Plaintiffs allege as follows:

## JURISDICTION AND VENUE

1.    This Court has jurisdiction over this action pursuant to 42 U.S.C. § 7604(a)(2), which authorizes citizen suits concerning EPA's failure to perform a nondiscretionary act or duty under the CAA. Section 7604(a) grants this Court jurisdiction to order EPA to perform such duty. In addition, this Court has jurisdiction over this action and over the parties pursuant to 28 U.S.C. §§ 1331 and 1361. The relief requested is authorized under 42 U.S.C. § 7604 and 28 U.S.C. §§ 2201, 2202, and 1361.

2.    Venue in this Court is proper under 42 U.S.C. §§ 7604(a), 7607(b)(1), and 28 U.S.C. § 1391(e)(1) because Defendants are principally located in the District of Columbia, and a substantial part, if not all, of the events or omissions giving rise to the claims asserted herein arose in this District.

## PARTIES

3.    Plaintiffs are national biofuel trade associations whose members produce much of the renewable fuel used to meet the RFS's annual requirements. Plaintiffs both routinely comment on EPA rulemaking proposals to implement the RFS program and have participated in litigation involving several of EPA's RFS regulations since the program's inception.

4.    Plaintiff Clean Fuels represents America's first advanced biofuels, biodiesel, renewable diesel, and sustainable aviation fuel (collectively, "biomass-based diesel" or "BBD"),

which are made from an increasingly diverse array of feedstocks including soybean oil, canola oil, distiller's corn oil, waste cooking oil, and animal fats. Clean Fuels is comprised of BBD producers, feedstock and feedstock processor organizations, fuel marketers and distributors, and technology providers.  Clean Fuels members collectively produce more than 60 percent of the biomass-based diesel in the United States.

5. Plaintiff Growth Energy represents producers and supporters of ethanol who are working to bring consumers better choices at the fuel pump, grow America's economy, and improve the environment for future generations. Growth Energy's members produce about half of all American ethanol used to meet annual RFS renewable-fuel requirements, accounting for about 30% of all renewable-fuel used to meet those requirements.

6. Each Plaintiff is a "person" as defined in the CAA. *See* 42 U.S.C. § 7602(e).

7. Defendant Michael S. Regan is the Administrator of the EPA. The Administrator is charged with implementation and enforcement of the CAA, including the CAA's nondiscretionary duty to timely determine and promulgate applicable renewable fuel volumes on an annual basis after 2022.

8. Defendant EPA is an executive agency of the federal government charged with implementing the CAA's RFS program.

## STATUTORY AND REGULATORY BACKGROUND

9. In the Energy Policy Act of 2005, Pub. L. No. 109-58, 119 Stat. 594, Congress amended the CAA to establish the RFS program to increase the quantity of renewable fuels used in gasoline in the United States. Congress expanded that program in 2007 with the Energy Independence and Security Act of 2007, Pub. L. No. 110-140, 121 Stat. 142. That law increased the overall annual volumes of renewable fuel required through the year 2022 for four different

categories of renewable fuel: renewable fuel, advanced biofuel, BBD and cellulosic biofuel. These categories are "nested": BBD and cellulosic biofuel are types of advanced biofuel, and advanced biofuel is a type of renewable fuel. Congress's purpose in establishing the RFS was "to force the market to create ways to produce and use greater and greater volumes of renewable fuel each year." *Americans for Clean Energy v. EPA*, 864 F.3d 691, 710 (D.C. Cir. 2017).

10. The statute specifies minimum, or "applicable," annual volume requirements for renewable fuel, advanced biofuel, and cellulosic biofuel through 2022, and applicable volume requirements for BBD for each year through 2012. 42 U.S.C. § 7545(*o*)(2)(B)(i). For each of those years, EPA was required to "determine and publish" the renewable fuel obligation "[n]ot later than November 30" of the preceding compliance year. *Id.* § 7545(*o*)(3)(B)(i).

11. Beginning with 2023 (and for all other calendar years), "the applicable volumes of each [of the four categories of renewable] fuel … shall be determined by the [EPA] Administrator … based on a review of the implementation of the program during [the prior] years …, and an analysis of" various statutorily specified factors. 42 U.S.C. § 7545(*o*)(2)(B)(ii).

12. "The Administrator shall promulgate rules establishing the applicable volumes [for calendar year 2023 and later years] no later than 14 months before the first year for which such applicable volume will apply." 42 U.S.C. § 7545(*o*)(2)(B)(ii).

13. Until EPA has fulfilled its duty to establish the applicable volumes for 2026 (and converted those volumes to percentage standards applicable to all obligated parties under the RFS), obligated parties may not know their precise obligations and renewable fuel producers may not know the precise level of demand for their products. *See* 42 U.S.C. § 7545(*o*)(3). The deadline Congress set for EPA to establish the applicable volumes is intended to inform

obligated parties and renewable fuel producers, prior to the relevant compliance year, of the upcoming RFS obligations so they can plan accordingly.

## FACTUAL BACKGROUND

14. EPA has repeatedly failed to meet its statutory deadline for promulgating annual RFS regulations. For example:

- EPA did not promulgate the final 2010 RFS obligations until February 3, 2010, over three months late and into the compliance year, *see 2010 Regulations*, 75 Fed. Reg. 14,670;

- EPA did not promulgate the final 2012 RFS obligations until December 22, 2011, more than three weeks late, *see 2012 Standards for the Renewable Fuel Standard Program: Final Rulemaking*, 77 Fed. Reg. 1,320 (Jan. 9, 2012);

- EPA did not promulgate the final 2013 RFS obligations until August 6, 2013, 247 days late and nearly two-thirds of the way through the compliance year, *see Regulation of Fuels and Fuel Additives: 2013 Renewable Fuel Standards*, 78 Fed. Reg. 49,794 (Aug. 15, 2013);

- EPA did not promulgate the final 2014 RFS obligations until November 30, 2015, two years late and fully past the compliance year, *see Final Renewable Fuel Standards for 2014, 2015 and 2016, and the Biomass-Based Diesel Volume for 2017*, 80 Fed. Reg. 77,420 (Dec. 14, 2015);

- EPA did not promulgate the final 2015 RFS obligations until November 30, 2015, a year late and with only one month of the compliance year remaining, *see id*;

- EPA did not promulgate the final 2021 RFS obligations until July 1, 2022, about 18 months late and beyond the compliance year.  87 Fed. Reg. 39,600 (July 1, 2022).

- EPA also promulgated the final 2022 RFS obligations at the same time as the 2021 regulation, over 6 months late and halfway through the compliance year. *See id.*

- Most recently, EPA did not promulgate the final 2023 RFS obligations until July 12, 2023, more than 20 months late and more than halfway through the compliance year.  87 Fed. Reg. 39,600 (July 1, 2022).  EPA did so under a consent decree entered in a lawsuit filed by Plaintiff Growth Energy under 42 U.S.C. § 7604(a)(2) claiming that EPA had failed to perform its mandatory, nondiscretionary statutory duty to issue the 2023 obligations by no later than 14 months before 2023.  Consent Decree, *Growth Energy v. EPA*, No. 1:22-cv-01191, ECF #12-1 (D.D.C. July 26, 2022).  The consent decree required EPA to issue its notice of proposed rulemaking by November 16, 2022, and the final rule by June 14, 2023.  *Id.* ¶¶ 4-5.  EPA missed both agreed-upon deadlines.

- EPA also promulgated the final 2024 and 2025 RFS at the same time.  87 Fed. Reg. 39,600.  The 2024 obligations were more than 8 months late.

15. EPA is now late in promulgating a rule setting the 2026 applicable volumes.  EPA was statutorily obligated to do so "no later than" November 1, 2024 – fourteen months before the start of 2026.  42 U.S.C. § 7545(*o*)(2)(B)(ii).  Yet, EPA has not even proposed applicable volumes for 2026.

6

16.     EPA has thus failed to meet the statutory deadlines for promulgating the 2026 applicable volumes. This failure violates the clear, mandatory, nondiscretionary duty and deadline imposed on EPA by 42 U.S.C. § 7545(*o*)(2)(B)(ii) and harms Plaintiffs' members, as described below.

## INJURIES RESULTING FROM EPA'S FAILURE TO ACT

17.     Plaintiffs' members are biofuels producers whose fuel products are purchased by obligated parties to comply annually with their renewable volume obligations set under the RFS program, as described above. EPA's regulations setting applicable renewable fuel volumes directly dictate the level of national demand for the renewable fuels—including conventional ethanol, BBD, and cellulosic biofuels—produced by Plaintiffs' members.

18.     Plaintiffs' members have therefore suffered and will continue to suffer economic injury due to EPA's failure to timely promulgate the final applicable volumes for 2026. Given EPA's delay, by the time it issues 2026 applicable volumes, Plaintiffs' members will have lost time that is necessary to make critical investments that would allow expansion of production, which the statute's 14-month deadline was designed to facilitate. This uncertainty and inability to plan future production directly affects Plaintiffs' members' bottom line.

19.     Additionally, when EPA fails to meet its statutory deadlines, it often retroactively sets standards for the missed periods to match the actual levels of renewable fuel use that occurred in the absence of the RFS's market-forcing standards. *See, e.g.*, 80 Fed. Reg. at 77,426-27 (after missing deadlines, retroactively setting 2014 and 2015 obligations to levels of actual use); 87 Fed. Reg. at 39,622 (setting the 2020 and 2021 obligations at actual use).  Such standards for 2026 would cause direct monetary harm to Plaintiffs' members by lowering the ultimate demand for the renewable fuels they produce in comparison to what would have been

demanded had the RFS's standards been timely adopted to fulfill their core purpose of spurring increased renewable fuel use.

20. Further, the impact of the delayed volumes on BBD demand will be exacerbated because EPA set the 2023 through 2025 volumes significantly below the levels that the BBD industry can readily achieve. *See* Clean Fuels Comments on 2023 Rule, EPA-HQ-OAR-2021-0427-0805 (Feb. 10, 2023) at 4-5. By delaying the 2026 volumes, EPA will extend the impact of those low volumes by failing to send a signal that the industry should plan investments required to expand.

21. And the effects of these delays will be felt by Plaintiffs' members in future years. As EPA has recognized, the actual market effects of the RFS standards and actual compliance activity are mediated through the "bank" of carryover RINs, that is, leftover compliance credits from a prior year that are available for compliance in a future year.

22. These injuries are irreparable. Plaintiff cannot obtain compensatory damages from EPA for its unlawful actions.

## **NOTICE**

23. Sixty days prior to bringing an action "where there is alleged a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator," 42 U.S.C. § 7604(a)(2), the plaintiff must give notice to the Administrator, *id.* at § 7604(b)(2).

24. On July 17, 2024, Clean Fuels provided notice of its intent to sue Defendants pursuant to 42 U.S.C. § 7604(b)(2), and 40 C.F.R. part 54 to enforce EPA's nondiscretionary duty to promulgate the 2026 regulation no later than fourteen months before the start of 2026. A copy of this letter is attached hereto as Exhibit A.

25. On July 31, 2024, Growth Energy provided notice of its intent to sue on the same basis. A copy of this letter is attached hereto as Exhibit B.

26. More than sixty days have passed since Plaintiffs served their notice letters on EPA.

## CLAIM FOR RELIEF

### Failure to Perform a Nondiscretionary Act or Duty to Promulgate the 2026 RFS Volumes

27. CAA Section 211(*o*)(2)(B)(ii), 42 U.S.C. § 7545(*o*)(2)(B)(ii), requires EPA to "promulgate rules establishing the applicable volumes [for calendar years after 2022] no later than 14 months before the first year for which such applicable volume will apply."

28. For calendar year 2026, EPA was required to promulgate a rule establishing the applicable volumes no later than November 1, 2024.

29. EPA did not promulgate a rule establishing the applicable volumes for 2026 by November 1, 2024—and still has not done so.

30. EPA's continuing failure to promulgate the 2026 applicable volumes in accordance with 42 U.S.C. § 7545(*o*)(2)(B)(ii) constitutes a failure "to perform any act or duty … which is not discretionary with the Administrator." 42 U.S.C. § 7604(a)(2).

31. EPA's failure has harmed and will harm Plaintiffs' members by impairing their ability to plan their production and by reducing the demand for their renewable-fuel products.

## RELIEF REQUESTED

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Declare that Defendants have failed to perform a nondiscretionary act or duty under 42 U.S.C. § 7545(*o*)(2)(B)(ii) to promulgate the applicable volumes for 2026;

  B. Order EPA to promulgate final applicable volumes for 2026 promptly under 42 U.S.C. § 7545(*o*)(2)(B)(ii), pursuant to an expeditious rulemaking schedule and binding deadline established by this Court;

  C. Retain jurisdiction to ensure compliance with the Court's order;

  D. Award Plaintiffs the costs of its participation in this action, including reasonable attorneys' fees; and

  E. Grant such other relief as the Court deems just and proper.

Respectfully submitted,

/s/ Bryan M. Killian
Bryan M. Killian
Douglas A. Hastings
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue NW
Washington, DC 20004
(202) 739-3000
bryan.killian@morganlewis.com

*Counsel for Clean Fuels Alliance America*

/s/ David M. Lehn
David M. Lehn
BOIES SCHILLER FLEXNER LLP
1401 New York Avenue NW
Washington, DC 20005
(202) 237-2727
dlehn@bsfllp.com

*Counsel for Growth Energy*

December 20, 2024