IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEAN FUELS ALLIANCE AMERICA, et al., <br><br> Plaintiffs, <br><br> v. <br><br> LEE ZELDIN,[1] Administrator of the U.S. ENVIRONMENTAL PROTECTION AGENCY, et al., <br><br> Defendants. | Civil Action No. 1:24-cv-3572 |

**DEFENDANTS' STATEMENT OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

*Of Counsel:*
LUCAS MAY
SUSAN STAHLE
U.S. Environmental Protection Agency
Washington, D.C.

LISA LYNNE RUSSELL
*Deputy Assistant Attorney General*
Environment and Natural Resources Division
United States Department of Justice

KIMERE J. KIMBALL
*Trial Attorney*
Environmental Defense Section
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2285
Kimere.kimball@usdoj.gov

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Administrator Zeldin is automatically substituted for the prior Administrator, Michael Regan.

## INTRODUCTION

The Clean Air Act requires parties to provide EPA with sixty days' notice of EPA's failure to perform a non-discretionary duty under the Act before filing suit. 42 U.S.C. § 7604(b)(2). Here, Plaintiffs sent EPA letters 90 days before any possible violation could occur warning EPA that it *might*, in the future, miss its statutory deadline to issue regulations for the 2026 renewable fuel volumes under the Renewable Fuel Standards program. Pursuant to D.C. Circuit precedent, this type of anticipatory, pre-violation notice is insufficient to satisfy a mandatory pre-suit notice requirement. This Court thus should dismiss this action in its entirety.

## STANDARD OF REVIEW

### I.      Rule 12(b)(1)

"Federal courts are courts of limited jurisdiction, and a party claiming subject matter jurisdiction has the burden to demonstrate that it exists." *Fed. Express Corp. v. U.S. Dep't of Com.*, 486 F. Supp. 3d 69, 74 (D.D.C. 2020) (cleaned up). "It is a bedrock principle of American law that the United States, as a sovereign, is immune from suit unless Congress has expressly waived that [sovereign] immunity." *Buaiz v. United States*, 471 F. Supp. 2d 129, 134 (D.D.C. 2007). Claims barred by sovereign immunity "lack[] subject matter jurisdiction and may be dismissed under a 12(b)(1) motion." *Gunpowder Riverkeeper v. Regan*, No. 20-cv-02063, 2021 WL 3722714, at *2 (D.D.C. Aug. 23, 2021) (citing *Scruggs v. Bureau of Engraving &Printing*, 200 F. Supp. 3d 78, 82 (D.D.C. 2016)).

"In a suit against the United States, the plaintiff bears the burden of proving that the government has unequivocally waived its immunity for the type of claim involved." *Ford v. Mitchell*, 890 F. Supp. 2d 24, 33 (D.D.C. 2012) (internal quotations omitted). The Court "assume[s] the truth of all material factual allegations in the complaint and construe the complaint liberally, granting plaintiff[s] the benefit of all inferences that can be derived from the

facts alleged, and upon such facts determines jurisdictional questions." *Abuzeid v. Mayorkas*, 62 F.4th 578, 583 (D.C. Cir. 2023) (internal quotations omitted).

## II.     Rule 12(b)(6)

When assessing a motion to dismiss under Rule 12(b)(6), the Court must "treat the complaint's factual allegations as true and must grant [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." *Giliana v. Blinken*, 596 F. Supp. 3d 13, 17 (D.D.C. 2022) (internal quotations omitted). But "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Moreover, "[t]hreadbare recitals" of the elements of a claim are insufficient. *Id*. A plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The defendant bears the burden of establishing that the complaint fails to state a plausible claim for relief. *Giza v. Blinken*, No. 23-cv-1641, 2024 WL 3967284, at *2 (D.D.C. Aug. 27, 2024) (citing *Browning v. Clinton*, 292 F.3d 235, 242 (D.C. Cir. 2002)).

## STATUTORY AND REGULATORY BACKGROUND

## I.     Renewable Fuel Standard Program

The Clean Air Act ("CAA") establishes the Renewable Fuel Standard ("RFS") program, codified at 42 U.S.C. § 7545(*o*). *See* Energy Policy Act of 2005, Pub. L. No. 109-58, 119 Stat. 594 (Aug. 8, 2005); Energy Independence and Security Act of 2007, Pub. L. No. 110-140, 121 Stat. 1492 (Dec. 19, 2007). The statute identified increasing target volumes of specific types of renewable fuel to be introduced into the United States' transportation fuel supply each year through 2022 and required EPA to set volumes after 2022 based on EPA's analysis of statutory factors. *See Am. Fuel & Petrochemical Mfrs. v. EPA*, 937 F.3d 559, 568-69 (D.C. Cir. 2019) (hereinafter "*AFPM*"); 42 U.S.C. § 7545(*o*)(2). For years after 2022, the statute directs EPA to

set all fuel volumes for subsequent years "no later than 14 months before the first year for which such applicable volumes will apply." 42 U.S.C. § 7545(*o*)(2)(B)(IV)(ii)

## II.   Statutory Pre-Suit Requirements for Judicial Review

The Clean Air Act waives sovereign immunity to afford judicial review only in very limited and specific circumstances.  Any person may file suit against EPA "where there is alleged a failure of [EPA] to perform any act or duty under [the CAA] which is not discretionary," 42 U.S.C. § 7604(a)(2), but no suit can be brought "prior to 60 days after the plaintiff has given notice of such action to the Administrator" except in circumstances not relevant here, *id*. § 7604(b)(2).

## FACTUAL BACKGROUND[2]

Plaintiffs allege EPA was required to promulgate the 2026 renewable fuel volumes by November 1, 2024.  Compl. ¶ 15.  On July 17, 2024, 107 days *before* the alleged deadline, Plaintiff Clean Fuels Alliance sent EPA a letter speculating that EPA likely would miss this deadline.  Compl. ¶ 24 & Ex. A (attached hereto as Ex. A[3]) at 1.  Clean Fuels Alliance demanded that EPA issue a proposed rulemaking within 60 days and "reserve[d] its right to sue for relief" if

---

[2] For purposes of this motion only, Plaintiffs' well-plead factual allegations in the Complaint are accepted as true.  *Abuzeid*, 62 F.4th at 583 (courts assume well-pled factual allegations are true when deciding Rule 12(b)(1) motion); *Iqbal*, 556 U.S. at 678 (courts assume well-pled factual allegations are true when deciding Rule 12(b)(6) motion).

[3] Although Plaintiffs referred in the Complaint to Clean Fuel Alliance's letter to EPA as "Exhibit A" and to Growth Energy's letter to EPA as "Exhibit B," and asserted both had been attached to the Complaint, they failed to file either letter (or any other attachments) with their Complaint. *See* Compl. ¶¶ 24-25.  Nevertheless, Plaintiffs incorporated these documents into the complaint and this Court thus may consider them as part of the Complaint.  *See Mills v. Hayden*, 284 F. Supp. 3d 14, 17-18 (D.D.C. 2018) ("Even at the Rule 12(b)(6) stage, a Court can review documents attached as exhibits or incorporated by reference in the complaint, or documents upon which the plaintiff's complaint necessarily relies even if the document is produced not by the plaintiff in the complaint but by the defendant in a motion to dismiss.") (internal quotations omitted).

EPA failed to comply with Clean Fuel Alliance's demands. Ex. A at 2. Plaintiff Growth Energy sent EPA a letter on July 31, 2024, 93 days before the alleged deadline, speculating that EPA would miss the deadline in the future, and informing EPA it may sue EPA 60 days after the letter (still 33 days before the deadline). Compl. ¶ 25 & Ex. B (attached hereto as Ex. B).

On December 20, 2024, Plaintiffs filed the instant action. *See* Compl.

## ARGUMENT

Because Plaintiffs sent EPA notices of intent to sue over the possibility that EPA might miss its statutory deadline to issue RFS regulations rather than after EPA purportedly violated any statute, Plaintiffs failed to comply with the jurisdictional[4] pre-suit requirements of the Clean Air Act and this case should be dismissed. *Kingman Park Civic Ass'n v. Gray*, 27 F. Supp. 3d 142, 153-54 (D.D.C. 2014) (dismissing Clean Air Act suit for lack of subject matter jurisdiction for failure to comply with the prefiling notice requirements that are "mandatory conditions precedent to commencing suit that may not be avoided") (cleaned up); *N.Y. Pub. Int. Rsch. Grp., Inc. v. Whitman*, 214 F. Supp.2d 1, 4 n.1 (D.D.C. 2002) (same); *Hallstrom v. Tillamook Cnty.*, 493 U.S. 20, 29 (1989) (requiring dismissal for failure to satisfy pre-suit notice requirements); 42 U.S.C. § 7604(a)(2), (b)(2).

The Clean Air Act provides that a party cannot bring suit for "a failure of the Administrator to perform any act or duty under this chapter which is not discretionary with the Administrator . . . prior to 60 days after the plaintiff has given notice of such action to the Administrator." 42 U.S.C. § 7604(a)(2), (b)(2). In the analogous context of the Endangered Species Act's pre-suit notice requirements, the D.C. Circuit explained that a mandatory notice of

---

[4] Even if not jurisdictional, Plaintiffs' action still should be dismissed under Rule 12(b)(6) for failure to state a claim because Plaintiffs have failed to plausibly allege that they satisfied the mandatory pre-suit requirements, and Defendants raised the issue in this first responsive pleading. *See* Fed. R. Civ. P. 12(b), (h).

4

intent to sue can only be fulfilled by sending the notice *after*—not before—an agency allegedly fails to perform a non-discretionary duty. *Friends of Animals v. Ashe*, 808 F.3d 900, 903-05 (D.C. Cir. 2015) (Kavanaugh, J.) (discussing 16 U.S.C. § 1540(g)(2)(C) ("No action may be commenced under subparagraph (1)(C) of this section prior to sixty days after written notice has been given to the Secretary . . . ."); compare 42 U.S.C. § 7604(b) ("No action may be commenced . . . under subsection (a)(2) prior to 60 days after the plaintiff has given notice of such action to the Administrator.")). Explaining that "[t]o state the obvious, [an agency] cannot violate the duty to make a final determination before that duty has come into existence," the D.C. Circuit concluded that pre-violation notice "does not give notice of an *existing* violation of a nondiscretionary duty. Rather, it provides notice only of a possible future violation of a duty that may never arise." *Friends of Animals v. Ashe*, 808 F.3d at 904.

Although noting that this is "a very narrow and extraordinarily technical question regarding the timing of notice," the D.C. Circuit recognized that pre-suit notice of an actual violation "serves the important purpose of giving [the Agency] 'an opportunity to bring itself into complete compliance with the Act and thus . . . render unnecessary a citizen suit.'" *Id*. at 904 (quoting *Hallstrom*, 493 U.S. at 29). As another jurist explained, allowing "citizen enforcers to submit all-encompassing, detailed notices of intent to sue prior to [the Agency's] taking [or failing to take] any action which violates [the relevant statute] would undermine the purpose of the 60-day notice provision." *Kern Cnty. Farm Bureau v. Badgley*, No. 02-5376, 2002 WL 34236869 at *13 (E.D. Cal. Oct. 10, 2002).

Like the deficient pre-suit letters sent in *Friends of Animals*, the anticipatory pre-violation letters Plaintiffs sent here fail to provide notice of any actual violation. In its July 17, 2024, letter, Plaintiff Clean Fuels Alliance speculated—over three months before any violation

5

allegedly occurred—that "EPA ha[d] already determined that it will miss the upcoming statutory deadline." Ex. A at 1. Clean Fuels alliance then "reserve[d] its right to sue" "[s]hould EPA fail to issue a proposed rule within 60 days of [Clean Fuel Alliance's] letter," *i.e.*, by Sunday, September 15, 2024. *Id*. at 2. But September 15, 2024, appears nowhere in the statute and is over 30 days before the only statutory deadline alleged in this action, November 1, 2024. *Id*.; Compl. ¶ 15; 42 U.S.C. § 7545(*o*)(2)(B)(ii). Because Plaintiff Clean Fuel Alliance's letter failed to provide notice of any actual violation, and instead simply threatened to sue if EPA did not meet its arbitrary made-up deadline, this notice was deficient.

Further underscoring how unripe Plaintiffs' letters were, Plaintiff Growth Energy similarly submitted its notice of intent to sue over three months before any violation allegedly occurred. Ex. B. Its letter "reserve[d] its right to sue for relief beginning 60 days from [the date of the letter]," *i.e.*, by Sunday, September 29, 2024. *Id*. at 2. But EPA could not have violated an alleged non-discretionary duty to issue regulations by November 1, 2024, on September 29, 2024. 42 U.S.C. §7545(*o*)(2)(B)(ii). The Act cannot possibly be read to authorize a non-justiciable, unripe suit. Between Plaintiff Clean Fuel Alliance's attempt to manufacture a new deadline for agency action not found in the statute and Plaintiff Growth Energy's attempt to create its own authorization to sue even before EPA has missed a statutory deadline, Plaintiffs' letters demonstrate that anticipatory notice of a hypothetical future violation is no notice at all.

The Clean Air Act can only be read to authorize suit 60 days after notice of an *existing* violation. Indeed, allowing the type of anticipatory notice Plaintiffs sent here would allow prospective plaintiffs to skirt the pre-suit requirements entirely by sending generalized letters threatening to sue EPA any time *any* non-discretionary deadline under the Clean Air Act is

6

missed at least 60 days from the letter. Such an interpretation would defeat the purpose of the notice requirements of the Act.

The fact that EPA ultimately missed the November 1, 2024, deadline to issue RFS regulations does not change Plaintiffs' failure to comply with the Clean Air Act's mandatory pre-suit notice. "[T]he fact that a premature notice forecasts a violation that actually [occurs] . . . does not change the fact that one cannot give notice of a violation which has not yet happened." *Kerns Cnty. Farm Bureau*, at *13.

## CONCLUSION

Plaintiffs were required to give EPA notice of their intent to sue EPA for missing a non-discretionary deadline only *after* that deadline had passed. Because Plaintiffs failed this requirement, this action should be dismissed in its entirety.

Respectfully submitted,

Dated: February 24, 2025

LISA LYNNE RUSSELL
Deputy Assistant Attorney General
Environment and Natural Resources Division

*Of Counsel:*
LUCAS MAY
SUSAN STAHLE
U.S. Environmental Protection Agency
Washington, D.C.

 /s/ *Kimere J. Kimball*
KIMERE J. KIMBALL
Trial Attorney
Environmental Defense Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 514-2285
Kimere.kimball@usdoj.gov

*Counsel for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on February 24, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

                                                        /s/ *Kimere J. Kimball*
                                                    KIMERE J. KIMBALL