IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CLEAN FUELS ALLIANCE AMERICA, et al.,<br><br>                     Plaintiffs,<br><br>              v.<br><br>LEE ZELDIN, Administrator of the U.S. ENVIRONMENTAL PROTECTION AGENCY, et al.,<br><br>                     Defendants. | Civil Action No. 1:24-cv-3572 |

**STATUS REPORT**

Pursuant to this Court's September 22, 2025 Minute Order, the Court's October 1, 2025 Standing Order 25-55 ("In Re: Stay of Civil Proceedings Involving the United States in Light of Lapse of Appropriations"), and this Court's November 14, 2025 Standing Order 25-59 ("In Re: Extension of Deadline[s] in Civil Matters Involving the Unites States Following Restoration of Appropriations," Defendants U.S. Environmental Protection Agency and Administrator Zeldin (collectively, "EPA") hereby submit this status report.

1. This action concerns Plaintiffs Clean Fuels Alliance and Growth Energy's assertion that EPA failed to complete its mandatory duty to issue a rule setting volumes of renewable fuel that refiners and importers of transportation fuel are required to incorporate into transportation fuel under the Clean Air Act Renewable Fuel Standard program, 42 U.S.C. § 7545(o), for the 2026 compliance year. *See* Compl. (Dkt. 1).

2. EPA has been diligently working to complete the rulemaking finalizing volumes for the 2026 compliance year, as required by 42 U.S.C. § 7545(o)(2)(B)(ii). *See generally*, Ex. 1. To that end, EPA published a proposed rule setting the volumes for

both the 2026 and 2027 compliance years simultaneously on June 17, 2025. 90 Fed. Reg. 25784 (June 17, 2025). Pursuant to its statutory obligations for Clean Air Act rulemakings promulgated under 42 U.S.C. § 7545, EPA held a public hearing on the proposal on July 8, 2025, and received public comments another 30 days through August 8, 2025. *See* Ex. 1 ¶ 14; 42 U.S.C. § 7607(d)(1)(E), (5).

3. Simultaneously with EPA's completion of that proposed rule, EPA was also assessing how to address the vacatur of EPA's final actions regarding a large number of small refinery exemption petitions. In June 2024, the D.C. Circuit vacated two EPA actions in *Sinclair Wyoming Refining Co. LLC v. EPA*, rejecting EPA's analysis on several small refinery exemption petitions. 114 F.4th 693 (D.C. Cir. 2024). The Fifth Circuit had also vacated EPA's actions regarding small refinery exemption petitions on slightly different grounds, after rejecting EPA's motion to transfer venue of those cases to the D.C. Circuit. *Calumet Shreveport Refining LLC v. EPA*, 86 F.4th 1121 (5th Cir. 2023). In June of this year, the Supreme Court held that the D.C. Circuit— and not the Fifth Circuit—was the appropriate venue for those actions. *EPA v. Calumet Shreveport Refining LLC*, 145 S.Ct. 1735 (2025). Accordingly, in August, EPA issued new decisions on approximately 175 small refinery exemption petitions that comply with the D.C. Circuit's decision in *Sinclair Wyoming*. 90 Fed. Reg. 41829 (Aug. 27, 2025).

4. When setting annual volumes under the Renewable Fuel Standard program, EPA is required to consider both "a review of the implementation of the program" and also "the expected annual rate of future commercial production of renewable fuels . . . ." 42 U.S.C. § 7545(o)(2)(B)(ii)(I), (III). Because EPA's decisions on the 175 small

2

refinery exemption petitions potentially impact both of these factors, on September 16, 2025, EPA signed a supplemental notice of proposed rulemaking regarding the impact of the small refinery exemption decisions on the previously proposed volumes. 90 Fed. Reg. 45007 (Sept. 18, 2025).

5. Pursuant to EPA's mandatory statutory requirements for Clean Air Act rulemakings promulgated under 42 U.S.C. § 7545, EPA held a public hearing on the supplemental proposal on October 1, 2025. *See* Ex. 1 ¶ 16; 42 U.S.C. § 7607(d)(1)(E), (5).

6. EPA then held the comment period open an additional 30 days following the public hearing, until October 31, 2025, as mandated by the Clean Air Act. *See* Ex. 1 ¶ 16; 42 U.S.C. § 7507(d)(1)(E), (5).

7. In response to EPA's original notice of proposed rulemaking, EPA received over 1,900 comments, including over 300 unique and substantive comments. *See id.* ¶ 14.

8. In response to its supplemental proposal, EPA received an additional 359 comments. *See id.* ¶ 16. Approximately 80 of the comments on the supplemental proposal provide substantive input on various aspects of the supplemental proposal. *See id.* ¶ 17. The comments span several hundred pages and contain a wide variety of viewpoints. *See id.* Some of these comments are in favor of the manner in which EPA proposed addressing small refinery exemptions in the volume rule, while others are opposed. *See id.* Some of these comments provide input on the technical aspects of how EPA proposed accounting for small refinery exemptions in the volume rule, while others address legal and policy aspects of the supplemental proposal. *See id.*

9. Since the comment period closed, EPA has been working to review and consider comments on the supplemental proposal and also to review and consider comments

3

on the original proposal to formulate its policy determination for the best path forward. *See id.* ¶ 18-19, 25.

10. Additionally, EPA must coordinate with the Department of Energy and Department of Agriculture before finalizing the rule. *See id.* ¶ 21; 42 U.S.C. § 7545(o)(2)(B)(ii).

11. Pursuant to Section 7 of the Endangered Species Act, 16 U.S.C. §§ 1531-1544, EPA must also consult with the Fish and Wildlife Service ("FWS") within the Department of Interior and with the National Marine Fisheries Service ("NMFS") within the Department of Commerce to "insure" that the rule "is not likely to jeopardize the continued existence of any endangered species or threatened species or result in the destruction or modification of habitat of such species." 16 U.S.C. § 1536(a)(2); *see also Centr. for Biological Diversity v. EPA*, 141 F.4th 153, 165 (D.C. Cir. 2025); *Growth Energy v. EPA*, 5 F.4th 1, 30 (D.C. Cir. 2021); *Am. Fuel & Petrochm. Mnfrs v. EPA*, 937 F.3d 559, 598 (D.C. Cir. 2019); Ex. 1 ¶¶ 22, 27.

12. On September 30, 2025, the appropriations that had been funding EPA and other federal agencies lapsed. *See* Ex. 1 ¶ 28; H.R. 5371, 119th Congress (2025-2026). This government shutdown lasted 43 days, through November 12, 2025, and impacted EPA's ability to undertake its mandatory coordination and consultation processes with the Department of Energy, the Department of Agriculture, FWS, and NMFS. *See* Ex. 1 ¶ 28; H.R. 5371, 119th Congress (2025-2026).

13. Once EPA has finished considering the public comments, determining the best course of action, and satisfying other statutory requirements, it must also complete additional rulemaking requirements, including submitting the final rule to the Office of Management and Budget for review and dissemination to other federal agencies

before submitting the rule to the Office of Federal Register of publication. *See* Ex. 1 ¶¶ 23, 26; Exec. Order 12866.

14. Because of the complexity of the RFS program, including the large number of stakeholders with directly opposing interests, completion of these steps requires careful consideration. *See* Ex. 1 ¶¶ 25-26. Moreover, EPA's schedule in completing the rulemaking is impacted by the schedules and response times of other agencies with which it must coordinate or consult, including the Department of Energy, Department of Agriculture, FWS, NMFS, and the Office of Management and Budget. *See id*. ¶ 28. Nevertheless, EPA is working through this process as quickly as it can. Given all of these circumstances, EPA continues to expect it will finalize the rulemaking within the first quarter of 2026. *See id*. ¶¶ 28, 30.

                Respectfully submitted,

Dated: December 29, 2025        ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
Environment and Natural Resources Division

*Of Counsel:*        /s/ *Kimere J. Kimball*
ROSEMARY H. KABAN        KIMERE J. KIMBALL
U.S. Environmental Protection Agency    Trial Attorney
Washington, D.C.        U.S. DOJ/ENRD
        P.O. Box 7611
        Washington, D.C. 20044
        (202) 598-7680
        Kimere.kimball@usdoj.gov
        *Counsel for Defendants*

**CERTIFICATE OF SERVICE**

    I hereby certify that on December 29, 2025, I filed the foregoing using the Court's CM/ECF system, which will electronically serve all counsel of record registered to use the CM/ECF system.

                                            /s/ *Kimere J. Kimball*
                                            KIMERE J. KIMBALL